1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    FRANK BRETT,                                No.  2:16-cv-1797-TLN-EFB PS

12                   Plaintiff,

13           v.                                   ORDER

14    JERRY BROWN, et al.,

15                   Defendants.

16

17           Plaintiff has filed a motion for appointment of counsel, a motion to file this case under

18    seal, and an application to proceed *in forma pauperis* pursuant to 28 U.S.C.  § 1915.[1]  For the

19    reasons explained below, plaintiff's application to proceed *in forma pauperis* is granted, his

20    motions for appointment of counsel and to seal are denied, and the complaint is dismissed with

21    leave to amend.

22    I.     Appointment of Counsel

23           28 U.S.C. § 1915(e)(1) authorizes the appointment of counsel to represent an indigent

24    civil litigant in certain exceptional circumstances.  *See Terrell v. Brewer*, 935 F.2d 1015, 1017

25    (9th Cir.1991); *Wood v. Housewright*, 900 F.2d 1332, 1335–36 (9th Cir.1990); *Richards v.*

26    *Harper*, 864 F.2d 85, 87 (9th Cir.1988).  In considering whether exceptional circumstances exist,

27    _____

28           [1]  This case, in which plaintiff is proceeding *in propria persona*, was referred to the
      undersigned under Local Rule 302(c)(21), pursuant to 28 U.S.C. § 636(b)(1).

                                                    1

1    the court must evaluate (1) the plaintiff's likelihood of success on the merits; and (2) the ability of

2    the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.

3    *Terrell*, 935 F.2d at 1017.   None of these circumstances are present here.  Accordingly, plaintiff's

4    request for appointment of counsel is denied.

5    II.    <u>Request to Seal</u>

6          Plaintiff also request that this case be filed under seal.  ECF No. 4.  The basis for this

7    request is not clear, but plaintiff appears to contend that sealing the case is appropriate due to

8    threats made against him.  *Id.*   Plaintiff has not shown any justification for sealing his complaint

9    and there is a strong presumption against doing so.

10         Courts have recognized "a general right to inspect and copy public records and

11   documents, including judicial records and documents."  *Nixon v. Warner Commc'ns, Inc.* 435

12   U.S. 589 (1978).  "Unless a particular court record is one 'traditionally kept secret,' a 'strong

13   presumption in favor of access' is the starting point."  *Kamakana v. City and County of Honolulu*,

14   447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz v. State Farm Mutual Auto. Insurance*

15   *Company*, 331 F.3d 1122, 1135 (9th Cir. 2003).  A party seeking to file a document under seal

16   "bears the burden of overcoming this strong presumption by" articulating "compelling reasons

17   supported by specific factual findings that outweigh the general history of access and the public

18   policies favoring disclosure . . . ."  *Id* (citations omitted).

19         Furthermore, the court's local rules provide that "[d]ocuments may be sealed only by

20   written order of the Court, upon a showing required by applicable law."  E.D. Cal. L.R. 141(a).  A

21   party seeking to file documents under seal must submit a Request to Seal Documents, which

22   "shall set forth the statutory or other authority for sealing, the requested duration, the identity, by

23   name or category, of persons to be permitted access to the documents, and all other relevant

24   information."  E.D. Cal. L.R. 141(b).

25         Plaintiff has failed to provide an adequate basis for filing this case under seal.  He

26   generally claims that a man threatened him at a park and that he had been poisoned, but does not

27   /////

28   /////

2

indicate how these facts relate to the allegations in the complaint.[2]  Moreover, he has failed to

comply with the court's local rules for obtaining a sealing order.  He does not set forth any

statutory basis for filing his complaint under seal, nor does he identify the duration the complaint

should be sealed.  Accordingly, plaintiff's request to file his complaint under seal is denied.[3]

III.    Request to Proceed In Forma Pauperis and Screening Requirement

Plaintiff's application to proceed *in forma pauperis* makes the financial showing required

by 28 U.S.C. §1915(a)(1) and (2).  *See* ECF No. 2.  Accordingly, the request to proceed *in forma*

*pauperis* is granted, *see* 28 U.S.C. § 1915(a).

Determining that plaintiff may proceed *in forma pauperis* does not complete the required

inquiry.  Pursuant to § 1915(e)(2), the court must dismiss the case at any time if it determines the

allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on

which relief may be granted, or seeks monetary relief against an immune defendant.  As discussed

below, plaintiff's complaint fails to state a claim and must be dismissed.

Although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519,

520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it

fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl.*

*Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41

(1957)); *see also* Fed. R. Civ. P. 12(b)(6).  "[A] plaintiff's obligation to provide the 'grounds' of

his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of

a cause of action's elements will not do.  Factual allegations must be enough to raise a right to

relief above the speculative level on the assumption that all of the complaint's allegations are

---

[2]  As explained below, it is impossible to discern the factual basis underlying plaintiff's complaint.

[3]  Plaintiff's request to seal also indicates that he wants an injunction against a "Racist Black Criminal Gang."  ECF No. 4.  Plaintiff, however, does not seek any particular form of injunctive relief directed at any particular party, but merely indicates he wants an injunction.  *Id*. In any event, plaintiff cannot obtain injunctive relief at this juncture because, as explained herein, his complaint fails to state a claim.  *See Stormans, Inc. v. Selecky*, 586 F.3d 1045, 1045 (9th Cir. 2010) (to obtain a preliminary injunction a party must demonstrate "that he is likely to succeed on the merits . . . .").

3

true." *Id*. (citations omitted).  Dismissal is appropriate based either on the lack of cognizable

legal theories or the lack of pleading sufficient facts to support cognizable legal theories.

*Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In reviewing a complaint under this standard, the court must accept as true the allegations

of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976),

construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the

plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).  A pro se plaintiff must satisfy

the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.  Rule 8(a)(2)

"requires a complaint to include a short and plain statement of the claim showing that the pleader

is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds

upon which it rests." *Twombly*, 550 U.S. at 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41

(1957)).

Additionally, a federal court is a court of limited jurisdiction, and may adjudicate only

those cases authorized by the Constitution and by Congress.  *Kokkonen v. Guardian Life Ins. Co.*,

511 U.S. 375, 377 (1994).  The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332,

confer "federal question" and "diversity" jurisdiction, respectively.  Federal question jurisdiction

requires that the complaint (1) arise under a federal law or the U. S. Constitution, (2) allege a

"case or controversy" within the meaning of Article III, § 2 of the U. S. Constitution, or (3) be

authorized by a federal statute that both regulates a specific subject matter and confers federal

jurisdiction. *Baker v. Carr*, 369 U.S. 186, 198 (1962).  To invoke the court's diversity

jurisdiction, a plaintiff must specifically allege the diverse citizenship of all parties, and that the

matter in controversy exceeds $75,000.  28 U.S.C. § 1332(a); *Bautista v. Pan American World

Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987).  A case presumably lies outside the jurisdiction

of the federal courts unless demonstrated otherwise.  *Kokkonen*, 511 U.S. at 376-78.  Lack of

subject matter jurisdiction may be raised at any time by either party or by the court.  *Attorneys

Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594-95 (9th Cir. 1996).

As a threshold matter, plaintiff's complaint is largely illegible, which preclude the court

from discerning whether it sufficiently alleges a basis for the court's jurisdiction or states a claim

4

1  for relief.  *See generally* ECF No. 1.  As for the few allegations that are readable, they are

2  disjointed and incoherent.  For example, among his extravagant assertions plaintiff alleges that

3  Governor Jerry Brown followed him into a courthouse in July 2016.  While plaintiff was in the

4  courthouse, individuals were taking pictures and spying on him in an effort to destroy a

5  corruption case.  *Id*. at 6.  Plaintiff also alleges that he caught a federal court clerk committing

6  felonies, and that he "used a 5 foot doll named Sandy [and] 2 plums to catch her."  *Id*. at 9.  He

7  also claims a federal judge "put [a] case on the internet," which almost lead to plaintiff's death.

8  *Id*. at 11.  Plaintiff also makes references to catholic priests, and appears to allege the existence of

9  an insurance scandal involving the vice president of France.  *Id*. at 9 at 10.  The disjointed nature

10  of plaintiff's allegations, coupled with the significant volume of illegible statements, makes it

11  impossible to discern the factual basis of any potential claim.

12       The 28-page complaint also contains numerous pages consisting solely of miscellaneous

13  lists.  *Id*. at 15-16, 18-21, 23-28.  Some of the lists appear to contain license plate numbers, but

14  other lists are filled with random words appearing to have no relation.  The relevance of these

15  lists is not apparent.[4]

16       Simply put, the complaint is so incoherent that the court is unable ascertain the factual

17  basis for plaintiff's dispute, much less identify any potential cause of action or determine whether

18  jurisdiction is present.  Accordingly, plaintiff's complaint must be dismissed.  Plaintiff, however,

19  will be granted leave to file an amended complaint, if he can allege a cognizable legal theory

20  against a proper defendant and with sufficient facts in support of that theory.  *Lopez v. Smith*, 203

21  F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (district courts must afford pro se litigants an

22  opportunity to amend to correct any deficiency in their complaints).  Should plaintiff choose to

23  file an amended complaint, the amended complaint shall clearly set forth the claims and

24  allegations against each defendant.  Any amended complaint must cure the deficiencies identified

25  above and also adhere to the following requirements:

26  /////

27

28
_____

[4]  One page of the complaints consists solely of 12 pictures of topless women and the words "Diamond Dolls."  *Id*. at 12.  The relevance of this page is also unclear.

1    Any amended complaint must identify as a defendant only persons who personally
2    participated in a substantial way in depriving him of a federal constitutional right. *Johnson v.*
3    *Duffy*, 588 F.2d 740, 743  (9th Cir. 1978) (a person subjects another to the deprivation of a
4    constitutional right if he does an act, participates in another's act or omits to perform an act he is
5    legally required to do that causes the alleged deprivation).   It must also contain a caption
6    including the names of all defendants. Fed. R. Civ. P. 10(a).

7    Any amended complaint must be written or typed so that it so that it is complete in itself
8    without reference to any earlier filed complaint. E.D. Cal. L.R. 220.  This is because an amended
9    complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the
10   earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114
11   F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter
12   being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.
13   1967)).

14   Finally, plaintiff is cautioned that failure to comply with the Federal Rules of Civil
15   Procedure, this court's Local Rules, or any court order may result in this action being dismissed.
16   *See* E.D. Cal. L.R. 110.

17   Accordingly, IT IS HEREBY ORDERED that:

18   1.  Plaintiff's request to proceed in forma pauperis (ECF No. 2) is granted.

19   2.  Plaintiff's request for appointment of counsel (ECF No. 3) is denied.

20   3.  Plaintiff's request to seal (ECF No. 4) is denied.

21   4.  Plaintiff's complaint is dismissed with leave to amend, as provided herein.

22   5.  Plaintiff is granted thirty days from the date of service of this order to file an amended
23   complaint.  The amended complaint must bear the docket number assigned to this case and be
24   titled "First Amended Complaint."  Failure to timely file an amended complaint in accordance
25   with this order will result in a recommendation this action be dismissed.

26   DATED:  March 30, 2017.

27   EDMUND F. BRENNAN
28   UNITED STATES MAGISTRATE JUDGE

6